UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X
MALCOLM HINES,

                              Plaintiff,                    **COMPLAINT**

         -against-                                  **JURY TRIAL**
                                                                                                  **DEMANDED**

THE CITY OF NEW YORK,
POLICE OFFICER ALFONZO LARUE (TAX 945903), and
POLICE OFFICER WILSON VERDESOTO (SHIELD 26979),

                              Defendants.
------------------------------------------------------------------------------------X

    Plaintiff, MALCOLM HINES, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claim occurred in New York County, in the State of New York.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, MALCOLM HINES, is a resident of the County of Kings, City and State of New York.

7. At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

8. At all relevant times hereinafter mentioned, defendant, POLICE OFFICER ALFONZO LARUE (TAX 945903), was an individual employed by the City of New York as a member of the NEW YORK CITY POLICE DEPARTMENT ("NYPD"). At all times hereinafter mentioned OFFICER LARUE was assigned to PSA 3 command of the NYPD. Defendant Larue is sued herein in his official and individual capacities.

9. At all relevant times hereinafter mentioned, defendant, POLICE OFFICER WILSON VERDESOTO (SHIELD 26979), was an individual employed by the City of New York as a member of the NEW YORK CITY POLICE DEPARTMENT ("NYPD"). At all times hereinafter mentioned OFFICER VERDESOTO was assigned to PSA 3 command of the NYPD. Defendant Verdesoto is sued herein in his official and individual capacities.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## **FACTS**

13. On December 13, 2014, at approximately 12:55 a.m., plaintiff MALCOLM HINES, was lawfully walking near the intersection of Howard and Macon Avenues in the County of Kings, City and State of New York.

14. At or about that time and place, the defendants arrived on duty, in plainclothes, and in an unmarked vehicle.

15. The defendants then stopped and exited their vehicle, and approached plaintiff without any legal basis or justification for doing so.

16. Plaintiff was not engaged in any illegal or suspicious activity.

17. Nonetheless, the defendants searched the Plaintiff without any legal basis.

18. The search revealed no evidence of any guns, drugs, or contraband.

19. Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants placed him in handcuffs and formally arrested him.

20. Plaintiff was then taken to the station house of a local area precinct where he was held for several hours and searched.

21. The search revealed no evidence of any guns, drugs, or contraband.

22. Plaintiff was eventually transferred to Kings County Central Booking where he was held for

several more hours.

23. Plaintiff was eventually arraigned on a criminal complaint made on the basis of false allegations supplied Defendants Larue and Verdesoto.

24. Pursuant to these false statements, false information, and fabricated evidence, plaintiff was charged with two counts of weapons possession and one count of firearm possession.

25. These charges were made on the basis of false allegations sworn to by Defendants Larue and Verdesoto.

26. Defendants provided these false statements to the Kings County District Attorney's Office knowing that there was no basis to support these allegations.

27. These and other allegations, information, and evidence, were false and the defendants knew them to be false when they made them.

28. At plaintiff's arraignment, he was released from custody with a future Court date to return to Court on the false allegations and charges made by the Defendants.

29. Plaintiff was forced to make several court appearances pursuant to these false allegations and charges before his charges were dismissed.

30. The decision to arrest plaintiff was objectively unreasonable under the circumstances.

31. At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

32. The factual allegations and testimony sworn to by both of the individual defendants were materially false and deliberately made to justify the illegal arrest of plaintiff.

33. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

34. The individual defendants intentionally and deliberately gave false statements and/or failed to

file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

35. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

### FIRST CAUSE OF ACTION FOR FALSE ARREST, MALICIOUS PROSECUTION AND DENIAL OF FAIR TRIAL

36. Plaintiff MALCOLM HINES repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

37. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

38. At no time did defendants have any legal basis for arresting or imprisoning plaintiff, or commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

39. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

40. Defendants misrepresented and falsified evidence before the Kings County District Attorney and Grand Jury.

41. Defendants did not make a complete and full statement of facts to the District Attorney.

42. Defendants withheld exculpatory evidence from the District Attorney.

43. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

5

44. Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

45. Defendants acted with malice in initiating criminal proceedings against plaintiff.

46. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

47. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

48. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

49. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor when the charges against him were dismissed.

50. By so doing, the individual defendants, individually and collectively, subjected plaintiff to false arrest and imprisonment, malicious prosecution, malicious use and abuse of process, unlawful searches of person and property, fabrication of evidence, denial of fair trial, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

51. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

52. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

53. The NYPD Defendants arrested, searched, and incarcerated plaintiff MALCOLM HINES, in

the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

54. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all of the actual and/or apparent authority attendant thereto.

55. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

56. Those customs, policies, patterns, and practices include, but are not limited to:

　　i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

　　ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

　　iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

　　iv. failing to properly train police officers in the requirements of the United States Constitution.

57. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

　　i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

　　ii. arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

7

      iii.    falsifying evidence and testimony to support those arrests;

      iv.    falsifying evidence and testimony to cover up police misconduct.

58. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, MALCOLM HINES.

59. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

60. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

61. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was searched and placed under arrest unlawfully.

62. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

63. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

64. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
December 9, 2016

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: /S/
JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020